UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF | MARTIN LUTHER KING, JR. |
| MADELINE COX ARLEO | FEDERAL BUILDING AND COURTHOUSE |
| UNITED STATES MAGISTRATE JUDGE | 50 WALNUT STREET |
| | NEWARK, NJ 07101 |
| | 973-297-4903 |

January 24, 2007

**LETTER-OPINION AND ORDER**
**ORIGINAL FILED WITH CLERK OF THE COURT**

Christopher J. Dalton, Esq.
Buchanan, Ingersoll & Rooney
550 Broad Street, Suite 810
Newark, New Jersey 07102

    Re:    **Certified Financial Planner Board of Standards, Inc. v. Carson, et al.**
                **Civil Action No. 06-4169 (JAG)**

Dear Mr. Dalton:

      Before me is plaintiff's application for substituted service on defendant Christopher Carson and Christopher Carson Financial Services ("Carson") by publication. For the reasons set forth below, the application is denied.

      This is a trademark infringement action brought by plaintiff against Carson. Plaintiff made numerous efforts to serve the defendants. Plaintiff was unable to serve defendants personally. Plaintiff's counsel engaged a skip trace to try to locate defendants. Plaintiff was unable to do so. Plaintiff attempted to telephone and email defendants. Plaintiff was unsuccessful. Plaintiff attempted service by regular and certified mail. Plaintiff was unsuccessful. Plaintiff was unable to locate any contact information through the New Jersey Motor Vehicle Commission. Having been unable to locate defendants within New Jersey, plaintiff now moves for substituted service by publication.

      Plaintiff's request for substituted service is based on New Jersey Court Rule 4:4-4 (b)(3) which provides that "if service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law." Plaintiff argues that under the circumstances here, service by publication is consistent with due process of law. Relying on <u>Mullane v. Central</u>

Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), plaintiff argues that when more effective means of service fails, notice by publication may be reasonable (Letter Brief at 2.)  This Court disagrees.

      Mullane stands for the proposition that where a party can be notified by more effective means such as personal service or mail, publication service may not be reasonable.  The converse, however, is not true.  Here, plaintiffs have confirmed that they are unable to serve or even locate defendants within the State of New Jersey.  They are unaware of defendants' whereabouts anywhere.  There is nothing in Mullane to suggest that where defendant have not received notice of a pending lawsuit by personal or mail service, that service by publication would comport with due process of law.  Stated differently, where there is no reason to believe that defendants are even in the state and thus have not received notice of a pending lawsuit, that service of a notice in the newspaper comports with due process.

      Accordingly, plaintiff's request for alternate service is hereby denied.

**SO ORDERED.**

      s/Madeline Cox Arleo
**MADELINE COX ARLEO**
**United States Magistrate Judge**